This is a suit for the recovery of damages in the nature of personal injuries, loss of time, etc., as the result of an accident alleged to have occurred by reason of the negligence of one C. F. Brock, defendant's assured. Defendant filed a plea of no cause or right of action, which was sustained, and there was judgment dismissing plaintiff's suit, from which he prosecutes this appeal.
The allegations of plaintiff's petition, pertinent to a consideration of the exception, set up the following facts:
That plaintiff entered into an agreement with C. F. Brock, operator of an auto service and parts company in Shreveport, under the terms of which plaintiff purchased the top of a certain automobile located on Brock's premises; that it was agreed that petitioner should himself remove the top by severing the same from the body of the automobile with a welding torch; that on or about January 6, 1948, plaintiff undertook the work of removing said top; that the wheels had been removed from the automobile in question, which had been propped on blocks in such manner that the rear bumper was elevated some four feet from the ground; that it was necessary for plaintiff to stand on the rear bumper of said automobile in performing the work of removing the top; that prior to placing himself in such position, he tested the strength of the bumper by kicking and applying the weight of his body to the same; that after this testing process, deeming the bumper sufficiently strong to support his weight, plaintiff hoisted himself thereon and began work; that after his full weight was on the bumper for several minutes it began to sway, causing plaintiff to fall, and that in attempting to break his fall he clutched at the rear license plate and inflicted the injury to his hand for which the recovery of damages is sought herein. The petition further alleged that the rear bumper of the automobile originally attached by two metal arms, each secured to the frame by two bolts, had been weakened by the removal of one bolt from each arm; that plaintiff should have been warned by Brock of this fact; that plaintiff had no reason to suspect the removal of the bolts, and, finally, that Brock was negligent in permitting plaintiff to set to work without giving warning of the attendant danger, which negligence was a breach of Brock's obligation to furnish plaintiff a safe place to work, and, in effect, led plaintiff into a trap.
Conceding, as did the learned Judge of the District Court, who developed his conclusions in a well reasoned written opinion, that plaintiff occupied the status of an invitee, it follows that under such a classification the legal obligations imposed upon Brock only required him to use ordinary care in maintaining his premises in a reasonably safe condition for such use as would be consistent with the purpose of the invitee.
The petition entirely fails to set up facts which indicate any failure in this obligation which would serve as a basis for a conclusion of negligence on the part of the assured.
Clearly the condition of the automobile, as alleged in plaintiff's petition, was one which made the danger and the hazard, or should have made the same, obvious to plaintiff. There is no question but that the automobile was in process of being dismantled. The removal of the wheels and the proposed removal of the top by plaintiff definitely indicated the condition. Under these circumstances plaintiff was guilty of contributory negligence in failing to take extraordinary precautions. As observed by the District Judge the danger was apparent to plaintiff, he was guilty of negligence and *Page 278 
he assumed the risk. These conclusions are inescapable under the very allegations of the petition itself and it necessarily follows that the exception was properly sustained.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.